UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **SUSAN GREEN** | ) | Case Number |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| **SHERMETA, ADAMS &** | ) | |
| **VON ALLMEN, P.C.** | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Susan Green, by and through her undersigned counsel, Joseph Bernwanger, Esquire, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Susan Green , is an adult natural person and she bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant conducts business in the District.

### III. PARTIES

4. Plaintiff, Susan Green, is an adult natural person residing at 252 Quail Drive, Capac, Michigan 48014. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Shermeta, Adams & Von Allmen, P.C. ("Defendant"), at all times relevant hereto, is and was a professional corporation engaged in the business of collecting debt within the states of Michigan with a primary office located at 445 South Livernois Road, Suite 333, PO Box 5016, Rochester Hills, MI 48308-5016.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Plaintiff was receiving calls from Defendant in regards to a debt allegedly owed to HSBC for approximately $2,696.58.

8. Plaintiff retained the services of the law firm of Persels & Associates, LLC to help aid her in the settlement of her unsecured debt.

9. On or about July 22, 2009, Plaintiff received a letter from Defendant offering a settlement of $950.00 due on or before November 1, 2009.

10. Enclosed along with the above mentioned letter, Plaintiff also received a copy of a dismissal and a private settlement agreement to be signed and returned to the Defendant so that they could enter it with the court.  **See Exhibit "A" (letter, dismissal and agreement) attached hereto**.

11. Defendant stated that they would consider the account paid in full after the receipt of the $950.00.

12. On or about August 7, 2009, Plaintiff received a call from Defendant wanting to know why the settlement offer had not been accepted.

13. On or about August 29, 2009, with the help of Persels & Associates, Plaintiff entered in to the settlement agreement with the Defendant.

14. On or about October 19, 2009, Plaintiff received a call from Defendant wanting to know why she had still not responded to the settlement offer.

15. Plaintiff was confused since the agreement was in fact entered into on August 29, 2009.

16. On or about October 29, 2009, with the help of Persels, a payment was issued to the Defendant in the amount of $950.00 made via check by phone.  **See Exhibit "B" (monthly statement) attached hereto**.

17. On or about that same day, Defendant's agent, "Gail", called the Plaintiff and stated that they could not accept payments from third parties and that the Plaintiff needed to make the payment herself.

18. On or about December 14, 2009, Defendant returned the payment to Persels & Associates.

19. On or about February 26, 2010, Plaintiff received a letter and an Affidavit of Non-Compliance from the Defendant stating that she had failed to abide by the terms and conditions of the settlement agreement.  **See Exhibit "C" (letter and Affidavit) attached hereto**.

20. On or about May 17, 2010, Defendant filed a motion to set aside dismissal and enter a default judgment against the Plaintiff.  **See Exhibit "D" (notice) attached hereto**.

21. Plaintiff was schedule to appear at a hearing on this matter on June 17, 2010.

22. In response, Plaintiff filed an objection to the Defendant's motion.

23. Plaintiff did not attend the hearing on June 17, 2010.

24. Plaintiff has been informed by the court that the matter will be reset for another hearing in the near future.

25. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

28. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to

Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692d: | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant, Shermeta, Adams & Von Allmen, P.C., for the following:

a. Actual damages;

  b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

  c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  d.  Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date:  November 17, 2010    BY: */s/* **Joseph L. Bernwanger** *(P71895)*
                **Attorney for Plaintiffs**
                **Joseph L. Bernwanger, P.L.L.C.**
                **407 E. Grand River Avenue**
                **Howell, MI 48843**
                **(734) 250-3508**
                **(517) 552-0895 - fax**
                **jbernwanger@yahoo.com**